ORIGINAL   JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED INDICTMENT** |
| v. | 24 Cr. |
| LIYUAN JIANG, a/k/a "Christina," and YU CAO, a/k/a "Carolyn," | **24 CRIM 158** |
| Defendants. | |

**COUNT ONE**
**(Conspiracy to Commit Immigration Fraud)**

The Grand Jury charges:

1.  From at least in or about October 2015 through at least in or about July 2022, in the Southern District of New York and elsewhere, LIYUAN JIANG, a/k/a "Christina," and YU CAO, a/k/a "Carolyn," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, immigration fraud, in violation of Title 18, United States Code, Section 1546(a).

2.  It was a part and an object of the conspiracy that LIYUAN JIANG, a/k/a "Christina," and YU CAO, a/k/a "Carolyn," the defendants, and others known and unknown, willfully and knowingly did utter, use and attempt to use, possess, obtain, accept, and receive visas, permits, border crossing cards, alien registration receipt cards, and other documents prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, knowing them to be forged, counterfeited, altered, and falsely made, and to have been procured by means of false claims and statements, and to have been otherwise procured by fraud and unlawfully obtained, to wit, JIANG and CAO participated in a scheme to submit false

and fraudulent applications for immigration documents to the U.S. Citizenship and Immigration Services ("USCIS").

## Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. In or about April 2017, YU CAO, a/k/a "Carolyn," the defendant, submitted a fraudulent I-129 Form to USCIS that listed her Manhattan-based company as the petitioner and a co-conspirator ("CC-1") as the beneficiary (the "April 2017 I-129 Form").

   b. From in or about October 2017 through in or about December 2017, LIYUAN JIANG, a/k/a "Christina," and CAO, the defendants, submitted fraudulent documents to USCIS in support of the April 2017 I-129 Form.

   c. In or about 2019, JIANG and CAO discussed the requirements for filing a green card application on behalf of CC-1 based on her purported employment with CAO's Manhattan-based company.

   d. In or about July 2020, JIANG submitted a fraudulent I-129 Form to USCIS that listed CC-1 as the beneficiary.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Aggravated Identity Theft)

The Grand Jury further charges:

4. In or about July 2020, in the Southern District of New York and elsewhere, LIYUAN JIANG, a/k/a "Christina," the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a

felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, JIANG transferred, possessed, and used the name and signature of another person on an I-129 Form which listed CC-1 as the beneficiary during and in relation to visa fraud, in violation of 18 U.S.C. § 1546(a).

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## FORFEITURE ALLEGATION

5.  As a result of committing the offense alleged in Count One of this Indictment, LIYUAN JIANG, a/k/a "Christina," and YU CAO, a/k/a "Carolyn," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), all conveyances, including any vessel, vehicle, or aircraft, used in the commission of said offense; all property, real and personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

6.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third person;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 982;
    Title 21, United States Code, Section 853; and
    Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney