# CARLA SANDERSON

ATTORNEY NY, NJ, SDNY, EDNY

260 MADISON AVENUE FL 22  
NEW YORK, NEW YORK 10016  
carla@carlasandersonlaw.com

T 646.499.3818  
F 646.499.3814  
carlasandersonlaw.com

April 16, 2025

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *United States v. Yu Cao*
      1:24-cr-00158 (PKC)

Dear Judge Castel,

I represent Yu Cao in the above case. On April 10, 2025, this Court sentenced Ms. Cao to a term of two years of probation and six months of home confinement. Ms. Cao's Probation Officer, Thomas Ragogna, Jr., informed me that due to the wording of the judgment, wherein the judgment does not specify that Probation is authorized to permit Ms. Cao to leave the home for work, that Ms. Cao would not be permitted to work out of the home while on her period of home confinement. It is my understanding that the Court did not intent to prevent Ms. Cao from employment outside of her home during her six-month period of confinement. Officer Ragonga also noted that judgments in the Eastern District of New York, where he is a Probation Officer, routinely contain the following language giving the Probation Officer the ability to allow individuals to leave the home with preapproval from the Probation Department: "or other activities as preapproved by the officer."

Further, Officer Ragonga, informed me that despite Ms. Cao already being on home confinement since April 10, 2025, Ms. Cao's six-month period of home confinement will not begin to run until the Probation Department affixes her ankle monitor. Ms. Cao informed me that she was instructed that she could receive the ankle monitor on April 22, 2025. Thus, despite being sentenced on April 10, 2025 and not permitted to leave her home as of that date, the Probation Department will not start counting her six-month home confinement period until April 22, 2025 resulting in Ms. Cao being on home confinement 12 days longer than Your Honor's intended six-month period of home confinement. We therefore request that Your Honor include language in the judgment that Ms. Cao's period of home confinement is to end on October 10, 2025, which is six-months from her sentencing on April 10, 2025.

FRCP Rule 35 states that within 14 days after sentencing the Court may correct a sentence that resulted from arithmetical, technical, or other clear error. Fed. R. Crim. P. 35(a), (c). The 14 day time period is jurisdictional. *See United States v. Sarvestani*, 297 F.R.D. 228, 229 (S.D.N.Y.2014) (citing *United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2d Cir.1995))

---

*Handwritten annotations by the Court:*

1. As specified in the judgment of the Court (ECF 48), the term of home confinement runs for six months from the date of sentencing.

2. The Court specified the circumstances for which probation may permit defendant to leave the home during home confinement. Employment as a home health care aid in the home is thus permitted. The employment outside the home described at sentencing is not. SO ORDERED.

Application DENIED.

/s/ [signature]
USDJ
4-17-25

(changes to a sentence under Rule 35(a) must be made within 14 days after sentencing, and the 14 day time period provided for in Rule 35(a) is jurisdictional and begins to run upon oral pronouncement of the sentence).

Therefore, we respectfully request that Your Honor amend the judgment: 1) to include the language, "Probation is authorized to permit Ms. Cao to leave the home for employment or other activities as preapproved by the Probation Officer," and 2) to state that Ms. Cao's home confinement shall end on October 10, 2025. The government (via AUSA Rebecca Dell) has no objection to this request.

I thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
Carla Sanderson


Cc: Probation Officer Thomas Ragogna via email